[No. 13062. Department Two. — November 19, 1891.]

JOHN COOK, APPELLANT, *v.* D. M. RICE ET AL., RE-SPONDENTS.

TRESPASS — HUSBAND AND WIFE — FORMER 'JUDGMENT — EJECTMENT AGAINST HUSBAND — RES ADJUDICATA — EVIDENCE — PARTIES. — In an action against a husband and wife to recover damages for an alleged trespass upon public land in the possession of the plaintiff claiming as a pre-emptioner and to enjoin future trespasses, where the answer of the defendants alleged that the wife claimed no interest in the land, and that her acts were those of a member of the family of the husband, and in privity with his title, it is proper to admit in evidence on behalf of the defendants the judgment roll in a former action of ejectment by the plaintiff against the husband, wherein it was adjudged that the plaintiff was entitled to the possession only of a small inclosure of ten acres not trespassed upon by the defendants, and that the plaintiff was not possessed or entitled to the possession of any part of the land entered upon by the defendants, the two actions being substantially between the same parties.

ID. — JUDGMENT NOT SUSPENDED BY APPEAL — TIME FOR APPEAL — EVIDENCE — FINALITY OF JUDGMENT. — A judgment in force, not suspended by appeal or otherwise, is not rendered incompetent as an instrument of evidence because of the fact that the time within which it may be appealed from has not expired. It is enough that while in force, and not suspended, it finally disposed of the controversy, and it need not be final in the sense that it is not liable to be reversed on appeal.

APPEAL — REVIEW OF EVIDENCE — FINDINGS. — Where the question is, whether there is evidence sufficient to sustain the findings in favor of the defendant, it is not necessary to consider the evidence in behalf of the plaintiff.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. M. R. Parker, B. V. Sargent, Jr.,* and *Webb & Sherwood,* for Appellant.

*S. F. Geil,* and *H. V. Morehouse,* for Respondent.

TEMPLE, C. — The plaintiff, in his complaint, avers that on the second day of February, 1888, he was lawfully possessed of the east half of the northwest quarter of section 4, township 21 south, range 9 east, Mount Diablo meridian; that he had fencing on the same to the value of fifty dollars, which the defendants on said day maliciously destroyed, to his damage in the sum of fifty dollars; as a separate cause of action, that he has planted and sown on the same tract a crop of grain, in extent about eighty acres, of the value of five hundred dollars, which he had fenced and inclosed; that defendants cut down and destroyed his fence, and drove their stock in and upon his grain, to his great and irreparable damage; that they threaten to tear down any fence which he has or shall construct to protect said grain, and, if not restrained, will tear down and destroy his fences, and drive their stock upon his grain, and destroy the same, to his damage in the sum of five hundred dollars; that they are wholly insolvent. He therefore demands judgment for three hundred dollars damages, and that they be enjoined from cutting down or destroying his fences, or from wasting his premises.

The complaint does not aver any title in the plaintiff, but possession only; and does not deny that the respondents have title to the land, or that their entry was rightful.

The answer denies the possession of plaintiff, the alleged trespass, and the damage.

In the answer to the last cause of action, defendants admit the possession of plaintiff as to ten acres of the land, which is specifically described, and deny that they have ever in any way entered or trespassed upon the same.

They aver as to the remainder of the land, that the defendants have been in occupation and possession thereof since May, 1886, and that a large portion thereof had been plowed and sown by them, and that plaintiff, while they were so in possession, wrongfully and unlawfully entered, with threats, force, and violence, and replowed and resowed and attempted to inclose the same, and to drive the defendants from the premises; and except as to the said ten acres, plaintiff has no possession, except the said forcible occupation.

They also plead as an estoppel a judgment in favor of D. M. Rice, against plaintiff, wherein it was duly adjudged that plaintiff was not possessed or entitled to the possession of any part of the land except the ten acres specifically described; that plaintiff has, since the institution of said action, acquired no new or further right or title to said land; that the defendant Mrs. D. M. Rice is the wife of the said D. M. Rice, and claims no interest in the land, and her acts are those of a member of the family of the other defendant, and in privity with his title.

The appeal is from the judgment, and an order refusing plaintiff a new trial.

The land is public land of the United States, and both parties claim as pre-emptioners. The question is, whether there was evidence to sustain the verdict and the findings in favor of the defendants.

On the trial, the defendant D. M. Rice testified that he moved upon the land in May, 1886, with his family, and built a good, comfortable house, barn, and chicken-house; that there was then no one living upon it, and no house or improvement except the small inclosure. There was a volunteer crop of barley on a long strip. In Janu-

ary, 1887, he commenced plowing, and had plowed eight
or ten acres, when he was enjoined by Mr. Cook, who
moved upon the land about six months after defendant.
He never permitted his stock to run on the small inclos-
ure, nor did he or his wife ever interfere with it.   Mr.
Cook, while defendant was enjoined from plowing, pro-
ceeded to fence and plow a large part of the land, leaving
defendant's house outside of his inclosure by extending
to and around it a sort of *cul-de-sac.*

Defendant filed his declaratory statement as a pre-
emptioner, May 25, 1886.

It was shown that both plaintiff and defendant were
qualified pre-emptioners; that Mrs. D. M. Rice tore
down a portion of the fence, with the knowledge of her
husband, and without objection made by him.

A judgment roll was put in evidence by defendants in
the case of *John Cook* v. *D. M. Rice,* dated December 27,
1887.   The complaint in that action avers possession on
the part of plaintiff; that he had growing upon the land
a volunteer crop of grain; that defendant unlawfully en-
tered, and ejected plaintiff, and commenced to plow, dig
up, and destroy the grain; that although plaintiff had
forbid him so to do, he continued to plow, dig up, and
destroy the grain, and unless enjoined, would continue
so to do, to his great and irreparable damage.

Plaintiff demands judgment for five hundred dollars
damages, to be restored to the possession of the demanded
premises, and for an injunction.

The answer specifically denies the possession of plain-
tiff, the various alleged trespasses and damage, and avers
that defendant entered upon the land when unoccupied
and uninclosed, as a qualified pre-emptor under the laws
of the United States, and while peacefully in possession,
duly made his application to purchase the same.

The case was tried September 28, 1887, and the court
found that plaintiff was in the actual possession only of
the tract specifically described in the answer in this case;
that on the 23d of May, 1886, while all the land except

the ten acres was unoccupied, the defendant D. M. Rice entered upon the same, and while in the peaceable possession of all except the ten-acre tract, filed in the landoffice his declaratory statement.

It was adjudged that plaintiff recover the ten-acre tract, with damages, and that the restraining order be dissolved.

The action was to recover possession, and admitted the possession of defendant, claiming that it was wrongful because an intrusion upon the prior possession of plaintiff. It was adjudged that except as to the small inclosure, defendant's possession was rightful, and that plaintiff had not been in possession before the entry of defendant.

It must follow, that when plaintiff entered, taking advantage of an injunction wrongfully restraining defendant from cultivating the land, he was intruding upon the possession of the defendant, and could not, by such entry, acquire a new right as against the defendant.

Plaintiff objected to the introduction of the judgment roll, and now claims that the court erred in overruling his objections, —

1. Because the judgment was not final, as the time for taking an appeal had not expired, and the cause was therefore still pending. It was not necessary that it should be final, in the sense that it was not liable to be reversed on appeal. It was enough that the judgment was in force, not suspended by an appeal or otherwise, and that while in force, it finally disposed of the controversy; and

2. It was objected that it was not between the same parties. Substantially, it was between the same parties. Mrs. Rice made no claim to the land, and all she did was under the claim of her husband. Had she, by her acts, taken possession, the right, if any, thus acquired would have been common property, and the right to control and manage in her husband.

The question being whether there was evidence to

support the findings, it is not necessary to consider the plaintiff's evidence.

We advise that the judgment and order be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.