[Civ. No. 2335.   First Appellate District.—June 11, 1918.]

J. & H. GOODWIN, LIMITED (a Corporation), Respondent, v. JOHN FRANICH et al., Copartners, etc., Appellants.

CONTRACT—LETTERS—PAROL EVIDENCE — PRELIMINARY NEGOTIATIONS— CIRCUMSTANCES AND SITUATION OF PARTIES.—In an action to recover a balance due on an alleged contract, evidenced by letters, parol testimony as to oral negotiations prior to the writings is admissible

for the purpose of showing the circumstances and situation of the parties.

ID.—FAILURE TO OBJECT TO TESTIMONY—APPEAL.—In such an action, where no objection was raised to the admission of such testimony, the defendants cannot be heard to complain on appeal.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Benjamin K. Knight, Judge.

The facts are stated in the opinion of the court.

Geo. W. Smith, for Appellants.

Wyckoff & Gardner, for Respondent.

THE COURT.—In this action plaintiff sought and recovered judgment in the sum of $959.85, claimed and found by the lower court to be due plaintiff for a balance of four thousand dollars loaned to defendants on the seventeenth day of October, 1912, pursuant to the terms of a contract previously entered into by said plaintiff and defendants.

The contract and the negotiations between the plaintiff and the defendants were evidenced by letters. The court permitted, over plaintiff's objection, testimony as to oral negotiations relative to the transaction prior to the date of the letters which contained the terms of the contract, limiting its admission, however, to the purpose of enabling the court to determine whether or not the contract was contained in the letters. The defendants made no objection to the court's ruling at that time, but urge for the first time upon appeal that the testimony should have been admitted generally. Inasmuch as the evidence showed that the letters dated October 12 and October 16, 1912, constituted the contract between the parties, it was not error, we think, to admit the testimony as to oral negotiations prior to the written contract for the limited purpose of showing the circumstances and situation of the parties. (Code Civ. Proc., secs. 1856, 1860.) But however this may be, since the defendants raised no objection to the limited purpose for which the testimony in question was admitted, they cannot now be heard to complain. (*Morgan* v. *Hugg*, 5 Cal. 409; *Mott* v. *Smith*, 16 Cal. 534.)

The only other point attempted to be made by appellant is that plaintiff's case has not been made out by a preponderance

of the evidence. Were this true, it would not be a sufficient reason for disturbance of the judgment. If the judgment is supported by any substantial evidence—and in the instant case there is abundant evidence—the judgment must be upheld.

Judgment affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 8, 1918.