[Civ. No. 11811.  Second Appellate District, Division Two.—July 11, 1938.]

ZUMA A. CHRONISTER et al., Appellants, v. J. B. A. BRENNAN et al., Respondents.

Wm. J. Bryan, Jr., and Albert D. Pearce for Appellants.

George L. Greer for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action to recover damages for personal injuries resulting from an automobile accident plaintiffs appeal.

Viewing the evidence most favorable to defendants (respondents) (*Patten & Davies Lbr. Co.* v. *McConville,* 219 Cal. 161, 164 [25 Pac. (2d) 429]), the material facts are these:

Diagram of the Intersection Where the Accident Hereinafter Described Occurred

September 18, 1936, plaintiff Zuma Chronister was driving an automobile in a westerly direction on the northeast side of Leimert Boulevard just east of where it intersects Forty-third Street in the city of Los Angeles at the rate of about twenty-five miles per hour. She proceeded into the intersection and the front, left portion of her car collided with the right, front portion of an automobile being operated by defendant Agnes M. Brennan, who traveling in a northerly direction on Eleventh Avenue had entered the intersection at a

speed of approximately thirty-five miles per hour. As a result of the collision plaintiff Zuma Chronister received serious personal injuries.

Plaintiffs rely for reversal of the judgment on these propositions:

*First: There was no substantial evidence to sustain the trial court's finding that plaintiff Zuma Chronister was contributorily negligent.*

*Second: The attitude of the trial judge was so biased and unfair that it amounted to a denial of justice to plaintiffs.*

*Third: The trial judge committed prejudicial error in refusing to grant plaintiffs' motion for a new trial on the ground of newly discovered evidence.*

The first proposition must be answered in the negative. The law is settled in this jurisdiction that where different conclusions from the evidence may reasonably be drawn by different minds the trial court's finding of fact will not be disturbed on appeal. (*Toms* v. *Mercantile Arcade Realty Corp.*, 24 Cal. App. (2d) 700 [76 Pac. (2d) 153].)

Witness Card testified that immediately following the accident plaintiff Zuma Chronister stated to him in response to his query as to how the accident occurred, "Oh, I don't know; I was just driving along and all of a sudden a car appeared right in front of me."

The trial judge's conclusion that plaintiff Zuma Chronister was negligent in proceeding into an unobstructed intersection without looking to her left and observing the automobile approaching from a southerly direction driven by defendant Agnes Brennan thus finds support in the evidence and supports the finding that plaintiff Zuma Chronister was contributorily negligent.

We are not unmindful that plaintiff Zuma Chronister denied having made the statement to the witness Card. However, it needs no citation of authority to support the well-established rule that every substantial conflict in the evidence must be resolved by this court in favor of a finding of fact and that a reviewing court must accept as true all evidence tending to establish the correctness of a finding and disregard all evidence contrary thereto.

The second proposition is likewise untenable. At the conclusion of the trial, the trial judge said among other things:

"I still adhere to the theory, although unsupported by the evidence, that both of them were powdering their respective noses and paying no attention to the mundane affairs of life."

Although the foregoing comment and others similar thereto do not comport with the dignity which should attach to a trial in the superior court or any other court, plaintiffs have failed to show wherein prejudice resulted to them from such expressions, and we must under article VI, section 4½ of the Constitution of the state of California disregard such statements.

■ Plaintiff's final proposition is also untenable. On the motion for a new trial plaintiffs filed affidavits showing that:

(a) After the accident above described one of plaintiff's attorneys, Mr. Bryan, interviewed the witness Card and also the witness Simmons and these witnesses stated to him that they had not asked the plaintiff Zuma Chronister how the accident had happened; and he, Mr. Bryan, had a written memorandum of his interview with these witnesses but did not remember such memorandum until after the trial;

(b) Subsequent to the trial plaintiffs had located another eye-witness to the accident, John Higel, who would on a retrial testify that plaintiff Zuma Chronister did not make the statement attributed to her by witness Card.

As to the facts set forth under paragraph (a) above, it is obvious that the evidence therein described was not newly discovered, as it was in the possession of plaintiffs' attorney during the course of the trial. Mere forgetfulness upon the part of counsel is not a ground for granting a motion for a new trial.

As to the facts set forth in paragraph (b), *supra*, the proposed evidence of Mr. Higel was merely cumulative of testimony introduced at the trial, plaintiff Zuma Chronister having denied that she had made the statements attributed to her. Where newly discovered evidence is merely cumulative or merely tends to impair the credibility of the evidence of the prevailing party, the trial court's ruling in denying a motion for a new trial will not be disturbed on appeal. (*Estate of Walden,* 166 Cal. 446, 450 [137 Pac. 35].) Plaintiffs have thus failed to show that the trial court committed prejudicial error in denying the motion for a new trial.

For the foregoing reasons the judgment and order appealed from are, and each is, affirmed.

Crail, P. J., and Wood, J., concurred.