[Civ. No. 11851. Second Appellate District, Division Two.—August 29, 1938.]

CHARLES B. COOPER, Appellant, v. ANNETTE L. WEATHERHOLT, Respondent.

Proctor K. Perkins for Appellant.

Derthick, Cusack & Ganahl for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the defendant in an action upon a written contract for the purchase of a stationary engine and for goods sold and delivered to the defendant at her special instance and request.

The answer admits the execution of the contract, but denies that the plaintiff delivered or installed the property purchased, and alleges that the plaintiff delivered and installed an entirely different engine, and that the engine delivered to her does not perform the purposes for which it was intended when ordered; that prior to the time the defendant executed the contract she made known to the plaintiff that she desired to purchase a full Diesel engine, and that both parties went to Las Vegas, Nevada, and inspected a semi-Diesel engine there, and that the defendant told plaintiff she must have a full Diesel engine and would not consider buying any other kind; that plaintiff stated that he would deliver to her a full Diesel engine, to wit a Victor horizontal, 85 horse-power, 210 revolutions per minute Diesel engine; that the defendant, believing and relying upon the representations of the plaintiff executed the contract, and that a semi-Diesel engine was delivered and installed. Further, that the plaintiff represented at the time the contract was entered into that the *full type* Diesel engine which he was then selling to the defendant was equipped with a 72-inch diameter driving pulley, but that the engine installed was equipped with a 50-inch diameter pulley; that a full Diesel of the type purchased burns approximately 90 gallons of oil per day and will run continuously unattended as long as the same is supplied with oil; that the engine delivered uses water in addition to oil and consumes approximately 120 gallons of oil per day, and in case of change in temperature said engine will sputter

and stop, with the result that it requires almost the constant attention of one man.

The contention of the plaintiff is that there is no allegation of an intent on the part of plaintiff to deceive or of knowledge on the part of the plaintiff of the falsity of the representations or that the representations were made recklessly as a fact without knowledge or investigation as to their truth or falsity. It is true that no such allegations are made in the answer.

The case was tried by the defendant and the court as if the answer set up sufficient allegations, and it is the contention of the defendant that the allegations in the answer state sufficient facts to constitute a defense on the basis of plaintiff's fraud, particularly in the absence of a special demurrer.

In the case of *Pembrook* v. *Houston*, 41 Cal. App. 54 [181 Pac. 828], it was contended that the complaint did not state facts sufficient to constitute actionable fraud. In discussing this point the court said: "However, the only question of the sufficiency of this complaint was raised by general demurrer, and, as it is obvious that there has been an attempt to plead the facts relied on as establishing fraud, and that the weakness of the complaint is in the insufficiency of their statement, rather than an entire failure of statement, we are disinclined to hold the complaint insufficient, in the absence of special demurrer."

In the case of *Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011], the court said: "The lack of a direct allegation that the statements were untrue, conceding it to be a defect, is one of that character which, in the absence of a special demurrer, is cured by the verdict of the jury or the finding of the court, and which cannot be taken advantage of when urged for the first time on appeal. (Citing cases.) The same rule applies to the defective allegation of fraudulent intent on the part of Gorrill. . . . The lack of a more definite averment of an intent to deceive is immaterial. If one makes material false statements to another, to induce that other to buy an article and which does induce him to buy to his injury, the defrauding party either knowing them to be untrue, or believing them to be true, but having no sufficient ground for such belief, he will not be protected from liability for his fraudulent conduct by the fact that he did not intend to deceive the other party."

In the case of *Cameron* v. *Evans Securities Corp.*, 119 Cal. App. 164 [6 Pac. (2d) 272], the complaint for fraud was held good against a general demurrer in spite of the failure to allege that the representations alleged were known by the defendant to be untrue.

Article VI, section 4½, of the Constitution declares that no judgment shall be set aside or new trial granted in any case on the ground of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. The judgment in this case was for a return to the defendant of such part of the purchase price as had been paid, and a return to the plaintiff of the pump. After an examination of the entire record we cannot say that there has been a miscarriage of justice.

The defendant moved to file an amended answer to conform to the proof, but this motion was denied. The trial court no doubt felt at that time that the answer was sufficient in the absence of a special demurrer pointing out to defendant particular objections to her answer.

The plaintiff's second contention is that the court erred in admitting evidence of misrepresentation and fraud. No definite objections to the evidence on such ground were made. The evidence with regard to fraud was offered and received by the court without any objection from plaintiff's counsel upon the ground that defendant's answer did not present an issue of fraud. The objections from counsel were in the form of motions to strike after a question had been answered, and the ground upon which the motions were based in each case was that the evidence tended to vary the terms of a written contract.

In the case of *Estate of Wahlefeld*, 105 Cal. 770 [288 Pac. 870], the court said: "The practice of permitting an examination without interposing objection or merely interposing general objections when specific ones should be mentioned is improper. It gives a litigant an opportunity to weigh the testimony and if unsatisfactory to present a belated objection or motion." The case was fully tried by both parties on the theory that the defense of fraud was being advanced,

and we are not inclined to reverse the case on the ground of the erroneous admissions of evidence.

The plaintiff's next contention is that the court erred in finding that there was a breach of warranty. But he does not point out the finding to which he refers.

The plaintiff's next contention is that the court erred in finding that there was misrepresentation by the plaintiff. There was substantial evidence to sustain said finding.

The plaintiff next contends that the court erred in not finding that the defendant accepted the engine. But there is substantial evidence in the record that at all times the defendant complained about the engine and was never satisfied with it.

The plaintiff's final contention is that the court erred in finding that the plaintiff has not substantially performed his agreement with the defendant. This contention is not elaborated upon by the plaintiff, but we are of the view that there is substantial evidence to sustain the finding.

Judgment affirmed.

Wood, J., and McComb, J., concurred.