[Civ. No. 14364. Second Dist., Div. Two. June 29, 1944.]

LUCY R. RINKER, as Administratrix, etc., Appellant, v. RUTH McKINLEY, Respondent.

Charles M. Johnson for Appellant.

Lynn O. Hossom and Bruce Mason for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to have certain real and personal property declared to be property of the estate of plaintiff's decedent, plaintiff appeals.

Plaintiff, administratrix of the estate of William Henry Rinker, was married to decedent on December 3, 1931. On June 2, 1933, they separated. After separation decedent's only source of income was a pension which he received from the Federal Pension System for postal employees. With this income he paid bills which had been contracted during the time he and plaintiff were living together; paid his living expenses; and entered into certain transactions with defendant, his daughter by a former marriage. At the time of decedent's death, defendant took into her possession personal property belonging to her father consisting of a Pontiac automobile, a Buick automobile, a kitchen stove, and cash in the sum of $5.00.

The Pontiac automobile was repaired by defendant at a cost of $50 and was sold for $200; the Buick was sold for $25; and the kitchen stove was sold for $5.00. The net value of decedent's personal property which defendant took into her possession was $185. Defendant paid funeral expenses of her father amounting to $360.01 and certain debts totaling $4.29. She filed a claim against his estate for $364.30.

The trial court gave judgment in favor of defendant quieting title in her as to the real property described in the complaint and to the personal property of decedent, of which she had taken possession, on condition that defendant would release and satisfy her claim against decedent's estate. Defendant did release her claim against the estate of her father.

Plaintiff urges reversal of the judgment on three propositions which will be stated and answered hereunder seriatim:

First: *A preponderance of the evidence is against the findings of the trial court.*

This proposition is untenable, for the rule is established that it is not sufficient ground for reversal of a judgment for an appellant to point out or to even demonstrate to an appellate court that a finding is against the preponderance of the evidence; he must show that there is not any substantial evidence to sustain the questioned finding. (*Meyer* v. *Great Western Ins. Co.*, 104 Cal. 381, 386 [38 P. 82]; *J. & H. Goodwin, Ltd.* v. *Franich*, 37 Cal.App. 493, 494 [174 P. 83].)

Second: *The judgment is not supported by competent evidence.*

This proposition is likewise untenable. The rule is established that when an appellant contends that there is not any substantial evidence to sustain a finding of fact he must point

out in his brief the (a) evidence,[1] (b) particular finding claimed to be unsupported,[2] and (c) show wherein the evidence does not sustain the questioned finding;[3] otherwise the finding of the trial court is presumed to be correct and not erroneous and it will be upheld by an appellate court.

In the present case plaintiff has failed to show the particular finding or findings that he claims are unsupported by the evidence or wherein the evidence does not sustain the findings.

Third: *The pleadings do not permit a judgment quieting title in defendant to the property described in the complaint.*

This proposition is untenable for the reason that defendant in her answer set forth the facts upon which she predicated relief and in the prayer of her answer she asked for general relief.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

---

[1]*Brovelli* v. *Bianchi*, 136 Cal. 612, 613 [69 P. 416]; *People* v. *One 1938 Buick Sedan*, 39 Cal.App.2d 42, 45 [102 P.2d 447].

[2]*Kyle* v. *Craig*, 125 Cal. 107, 116 [57 P. 791]; *Cooper* v. *Weatherho't*, 28 Cal.App.2d 321, 325 [82 P.2d 524].

[3]*Duncan* v. *Ramish*, 142 Cal. 686, 689 [76 P. 661]; *Wieczorek* v. *Texas Co.*, 45 Cal.App.2d 450, 457 [114 P.2d 377]; *Glass* v. *City of Fresno*, 17 Cal.App.2d 555, 559 [62 P.2d 765].