[Civ. No. 7682.   Third Dist.   Nov. 9, 1949.]

Estate of JOSEPH CAPOLINO, Deceased. HILDA CAPO-
LINO MATTHEWS, Appellant, v. ARTHUR MILLER,
as Administrator, etc., Respondent.

C. H. McCray, Edward A. Hayes and Otho S. Bowling for
Appellant.

Leonard G. Ratner and C. P. Dorr for Respondent.

ADAMS, P. J.—Joseph Capolino died in Merced County,
November 22, 1945, whereupon Helen Capolino, representing
herself as the surviving wife of decedent, was appointed ad-
ministratrix of his estate, on December 3, 1945.   On May 16th,
Helen Capolino filed an inventory and appraisement showing
the assets of the estate to be of the approximate value of
$50,000.   In July, 1946, Hilda Matthews, daughter of Joseph
Capolino by his prior marriage, filed in the estate proceedings
a will executed by decedent in August, 1930, which named his
said daughter as principal beneficiary.   Helen Capolino then
filed her first account and report as administratrix, together
with her resignation.   Hilda Matthews filed objections to the
inventory and to the account and report of the administratrix,
claiming that Helen Capolino held in her own name property
which should be included in the estate of Joseph Capolino.
Prior to a hearing on said objections Helen Capolino died,

her son, Arthur Miller, was appointed administrator of her estate, and the administration of the estate of Joseph Capolino was turned over to the public administrator. Hearings on the objections of Hilda Matthews were had on April 18, 1947, and April 30, 1948, Arthur Miller appearing in opposition to said objections. The trial court decided that the property standing in the name of Helen Capolino was her separate property, that no constructive or resulting trust in any of same had been established therein, and that none of it should be included in the estate of Joseph Capolino. Findings of fact and conclusions of law were filed and a decree entered approving, allowing and settling the account of Helen Capolino. A motion for a new trial, which was based in part on insufficiency of the evidence, was denied, and this appeal followed.

The findings recite the following facts. Joseph Capolino and Helen Miller met in New York City prior to 1928. Both were then married to other persons, but they secured divorces in that year and began living together, though they never married. Helen had substantial business and property interests of her own which included a one-half interest in the Roma Cheese Company, shares of stock and life insurance. Joseph and Helen engaged in business enterprises in New York, the capital for which was largely furnished by Helen. In 1935, the two came to Merced where they organized the Capolino Food Products Company, then the Ripon Canning Corporation, and, in 1940, the Capolino Packing Corporation, the capital, approximately $63,000, being supplied in large part by Helen from her separate funds. All the shares of stock of the latter two corporations were issued to Helen. The two parties kept their respective funds in separate bank accounts. In 1940, the Capolino Corporation borrowed $37,500 from Amerigo Vitelli, and about $7,500 from Gus Sclafani, such loans being negotiated by Joseph, but ultimately repaid by the corporation. In 1939, the Ripon Canning Corporation borrowed $17,391.33 from Domenico D'Angiola, Helen negotiating the loan, which was repaid by the Capolino Packing Corporation. In 1941, the Capolino Packing Corporation borrowed $50,000 from D'Angiola, said loan also being negotiated by Joseph but paid by the Capolino Packing Corporation. In 1940, the Capolino Packing Corporation owed the American Can Company $33,000 in part payment of which debt the Can Company took Joseph's note for $25,000, the remainder being paid in cash by the Capolino Packing Corpo-

ration. In March, 1945, Joseph's note was paid by Helen out of funds in her name.

In January, 1944, the Capolino Packing Corporation was sold. The contract of sale was signed by both Joseph and Helen, and it expressly represented that Helen was the owner of all of the shares of stock, "free and clear of all liens and encumbrances of every kind, nature and description and that no other person, firm or corporation has any right, title, claim or interest in or to any of the shares of the capital stock of said corporation.'' Helen received the proceeds of the sale and undertook to pay off certain outstanding obligations of the corporation. Federal income tax returns of Joseph and Helen were prepared by Joseph, and in Helen's return the entire gain from the sale of the corporation was set forth as her separate income. In 1942 and 1943, both parties engaged in separate business transactions and lent money.

The findings also recite that the account and inventory in Joseph's estate set forth all of the known assets; and that all moneys, shares of stock, notes, etc., in the name of Helen were her separate property and none of them was held by her in trust for Joseph or any other person.

On this appeal it is not asserted that the evidence before the trial court is insufficient to support the foregoing findings, but it is urged that "The evidence establishes that the property belonged to Joseph Capolino"; and that, though it was put in the name of Helen to delay a creditor, the parties were not *in pari delicto* and equity will give relief; and that, in any event, there was either a constructive trust or a resulting trust. Appellant reviews such portions of the evidence as are most favorable to the aforesaid contentions, and draws conclusions therefrom that tend to support her theory. But the sum and substance of her argument is that the trial court should have found in accordance with her theory, and that this court should disregard the findings and reverse the decree with instructions to the trial court to compel respondents to account to the estate of Joseph Capolino for certain designated properties.

Obviously appellant's arguments are not such as are proper to be considered by an appellate court. Only when it can be said that the findings of fact of a trial court are without substantial support in the record has such appellate court power to reverse a judgment which is supported by the evidence in the case. The weight of the evidence, the inferences to be drawn from it, and the credibility of the witnesses, are matters

exclusively for determination by the trial court; all intendments are in favor of the judgment, and in order to justify a reversal thereof an appellant must show to an appellate court that the evidence most favorable to the respondent fails to furnish substantial support for the findings. (*Viner* v. *Untrecht,* 26 Cal.2d 261, 267 [158 P.2d 3]; *Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689]; *Stromerson* v. *Averill,* 22 Cal.2d 808, 815 [141 P.2d 732]; *Raggio* v. *Mallory,* 10 Cal.2d 723, 725 [76 P.2d 660]; *Rinker* v. *McKinley,* 65 Cal.App.2d 109, 110 [149 P.2d 859]; *Poe* v. *Lawrence,* 60 Cal.App.2d 125, 131 [140 P.2d 136]; *Wright* v. *Sellers,* 25 Cal.App.2d 603, 604 [78 P.2d 209], and cases therein cited.)

In *Redsted* v. *Weiss,* 73 Cal.App.2d 889 [167 P.2d 735] (hearing in Supreme Court denied), the court, at page 892, quoted as follows from *Palmer* v. *Burnham,* 72 Cal.App.2d 626, 627 [165 P.2d 50]:

"In *Harris* v. *Harris,* 136 Cal. 379, 384 [69 P. 23], it was said: 'The rule is well settled that one who would claim the ownership of property of which the legal title stands of record in another, or that the same is held by such person in trust for the one so claiming, must establish such claim by evidence that is clear, satisfactory and convincing. (*Woodside* v. *Hewel,* 109 Cal. 481 [42 P. 152]; *Plass* v. *Plass,* 122 Cal. 3 [54 P. 372].) Whether the evidence in any particular case is of this character must be determined by the trial court, and its determination thereon will be accepted by this court as conclusive.' In accord are 25 Cal.Jur. p. 348; *Bollinger* v. *Bollinger,* 154 Cal. 695, 703 [99 P. 196]; *Noble* v. *Learned,* 153 Cal. 245, 251 [94 P. 1047]; *Lefrooth* v. *Prentice,* 202 Cal. 215, 227 [259 P. 947]; *Taylor* v. *Bunnell,* 211 Cal. 601, 606 [296 P. 288]."

We have reviewed the record and are satisfied that it sufficiently supports the findings; and since appellant does not contend that such findings are without support it is not incumbent upon this court to extend its opinion by a recitation of such evidence.

The judgment is affirmed.

Peek, J., and Thompson, J., concurred.

A petition for a rehearing was denied December 2, 1949, and appellant's petition for a hearing by the Supreme Court was denied January 4, 1950. Traynor, J., and Schauer, J., voted for a hearing.