[Civ. No. 18906.   Second Dist., Div. One.   May 19, 1952.]

ARTHUR KRUCKOW, Respondent, v. LOUIS LESSER et al., Appellants.

Albert H. Allen and Michael J. Fasman for Appellants.

Marvin Osburn for Respondent.

HANSON, J. pro tem.—The defendants appeal from the judgment rendered against them upon the sole ground that it was excessive to the extent of at least $3,480. While appellants concede that there was a substantial conflict in the evidence upon the issues on which the judgment was predicated, nevertheless they contend that the trial court erred in weighing the evidence and hence we should modify the judgment or else order a new trial. In the language of appellants' brief: "It is the contention of the appellants that while there was a conflict in the evidence, the plaintiff failed to maintain the burden of proof: Firstly, as to the alleged authorized variations in the furniture manufacture from the sketches as shown; and secondly, as to the complaints registered by the appellants from time to time as to the furniture delivered. The weight of the evidence substantially supports the contention of the defendants, and in this respect respondents have not maintained the burden of proof.

"Appellants contend that the court did not properly weigh the evidence, and that if the evidence were fairly judged, an allowance should have been made to the defendants in at least the sum of $3,480.00."

There is nothing involved in this case beyond the application of principles which have never been deviated from in the jurisprudence of this state since the adoption of the

Constitution in 1879. During that entire period it has been held that the findings of fact of a trial court on conflicting evidence of a substantial character are conclusive, and that an appellate court cannot examine the record to ascertain if the findings are supported by a preponderance of the evidence. (*Bauder* v. *Tyrrel*, 59 Cal. 99; *Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970]; *Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689]; 24 Cal.L.Rev. 733.)

In view of this unbroken line of authority we must assume that counsel for appellants were not unfamiliar with it and, accordingly, that the appeal was taken only for the purpose of delay. Such a purpose not only imposes needless expense on the part of a respondent but also is a waste of time of this court for which a penalty should and must be exacted. (Code Civ. Proc., § 957; *Sipe* v. *McKenna*, 105 Cal.App.2d 373 [233 P.2d 615].)

It is here pertinent to add that appellants are not entitled to a review of the evidence for still another reason. In support of their contention that the evidence is insufficient to sustain the size of the judgment appellants point to the testimony of their witnesses, but ignore the testimony of the respondent. In that aspect the rule is well established that a reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact. Accordingly, if as appellants contend, some particular issue of fact is not sustained, they are required to set forth in their brief all the material evidence on the point and not merely their own evidence. Unless this is done the error assigned is deemed to be waived. (*Brovelli* v *Bianchi* (1902), 136 Cal. 612, 613 [69 P. 416]; *People v. One 1938 Buick Sedan* (1940), 39 Cal.App.2d 42, 45 [102 P.2d 447]; *Kyle* v. *Craig* (1899), 125 Cal. 107, 116 [57 P. 791]; *Cooper* v. *Weatherholt* (1938), 28 Cal.App.2d 321, 325 [82 P.2d 524]; *Duncan* v. *Ramish* (1904), 142 Cal. 686, 689 [76 P. 661]; *Wieczorek* v. *Texas Co.* (1941), 45 Cal.App.2d 450, 457 [114 P.2d 377]; *Glass* v. *City of Fresno* (1936), 17 Cal.App.2d 555 [62 P.2d 765]; *Thomas Haverty Co.* v. *Jones* (1921), 185 Cal. 285 [197 P. 105]; *Cook* v. *Rice* (1891), 91 Cal. 664 [27 P. 1081]; *People* v. *Central Pac. Ry. Co.* (1895), 105 Cal. 576 [38 P. 905]; *Chronister* v. *Brennan* (1938), 27 Cal.App.2d 509 [81 P.2d 479]; *Shay Estate* (1925), 196 Cal. 355 [237 P. 1079]; *Rutledge* v. *Eureka* (1925), 195 Cal. 404 [234 P. 82]; *Gluckstein* v. *Lipsett* (1949), 93 Cal.App.2d

391 [209 P.2d 98]; *Smythe* v. *Schacht* (1949), 93 Cal.App.2d
315 [209 P.2d 114].)

The judgment is affirmed and damages are imposed upon
defendants-appellants in the sum of $100 for having taken
and prosecuted the appeal for the purposes of delay, and
the trial court is instructed to enter judgment in favor of
plaintiff and against defendants for said sum in addition
to the costs of appeal.

Doran, Acting P. J., and Drapeau, J., concurred.