Filed 6/25/26  Sarkany v. West CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| JENNIFER SARKANY et al.,<br><br>        Plaintiffs and Respondents,<br>v.<br>TIMOTHY McCALL WEST et al.,<br><br>        Defendants and Appellants. | A174750<br><br>(San Fransico City & County<br>Super. Ct. No. CGC-24-615169) |

**MEMORANDUM OPINION[1]**

This is an appeal from a $256,087 attorney fee award, following the grant of summary judgment for plaintiffs in this fraudulent transfer action. Plaintiffs filed the action to protect their ability to recover on a $645,791 judgment for wrongful eviction and other violations of the San Francisco Rent Arbitration and Stabilization Ordinance.  Defendants do not challenge the summary judgment, but only the amount of fees awarded.

Defendants filed a 10-page opening brief and no reply brief.

Plaintiffs maintain we can, and should, disregard defendants' opening brief and affirm the fee award on the ground the brief fails in numerous respects to comply with fundamental rules and principles of appellate

_____

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1.  Because the parties are familiar with the facts and procedural history, we do not discuss them here.

practice.  While we strive to be generous in reviewing a party's brief, we agree defendants' brief is manifestly deficient.

California Rules of Court, rule 8.204 mandates that "(1) Each brief must: [¶] . . . [¶] (B) State each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority. . . ."  These are not nitpicky requirements.  "The requirements that issues be raised in the opening brief and presented under a separate argument heading, showing the nature of the question to be presented and the point to be made, are part of the ' "[o]bvious considerations of fairness" ' to allow the respondent its opportunity to answer these arguments (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 . . .) and also to ' "to lighten the labors of the appellate [courts] by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass" ' (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830–1831, fn. 4 . . . )."  (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 840.)

The "Argument" section of defendants' brief does not contain *any* separate headings, let alone headings that summarize the point being made.  (Some capitalization omitted.)  Rather the four-page "Argument" section is largely a string of paragraphs reciting basic attorney fee law.  (Some capitalization omitted.)

As best we can discern, defendants seem to be making two points: the hours and rates sought by plaintiffs' counsel were excessive and the 1.3 multiplier the trial court applied was unwarranted.  But beyond one or two sentences making argumentative pronouncements, there is *no* discussion of

2

the standard of review, *no* complete discussion of the record that was before the trial court, and *no* analysis as to why the trial court purportedly abused its discretion in any respect. These shortcomings violate additional rules of practice.

To begin with, failure "to articulate the standard of review on appeal [is], in and of itself a potentially fatal omission. ' "Arguments should be tailored according to the applicable standard of appellate review." [Citation.] Failure to acknowledge the proper scope of review is a concession of a lack of merit.' " (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948, quoting *Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465; accord, *Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 597.) " 'When an appellant fails to apply the appropriate standard of review, the argument lacks legal force,' and the appellant 'fails to show error in the judgment.' " (*Symons Emergency Specialists*, at p. 597, quoting *People v. Foss* (2007) 155 Cal.App.4th 113, 126.)

Defendants have not acknowledged the applicable standard of review, let alone tailored their apparent points of error to such.

As it is, challenges to the amount of attorney fees awarded are reviewed under a highly deferential standard of review. "The reviewing court presumes that the trial court's award is correct" because "the experienced trial judge is best positioned to evaluate the professional services rendered in his or her courtroom." (*Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 246 (*Mikhaeilpoor*).) Thus, the "lodestar method" generally used by California courts to decide the amount of fees to award, "vests the trial court with the discretion to decide which of the hours expended by the attorneys were 'reasonably spent' on the litigation" (*Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, 449), and to

determine the hourly rates that should be used in the lodestar calculus. (*569 E. County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 436–437.) Similarly, "California law gives the trial court vast discretion in deciding whether to employ a multiplier and at what level to set it." (*Pollock v. Kelso* (2025) 107 Cal.App.5th 1190, 1197–1198 (*Pollock*).) Our review must therefore "be highly deferential to the views of the trial court." (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.) Accordingly, the trial court's decision will not be disturbed " 'unless [the Court of Appeal is] convinced that it is clearly wrong, meaning that it is an abuse of discretion.' " (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148, quoting *In re Vitamin Cases* (2003) 110 Cal.App.4th 1041, 1052.) " ' "The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that [it] shocks the conscience and suggests that passion or prejudice influenced the determination." ' " (*Mikhaeilpoor, supra,* 48 Cal.App.5th at p. 246, quoting *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 587.)

Defendants' wholesale disregard of the standard of review is well illustrated by the first sentence of their "Conclusion" (some capitalization omitted) wherein they assert: "There was substantial evidence to support Defendants' argument that the fees were unsupported and excessive and a fee multiplier was not warranted." As we have explained, challenges to the amount of attorney fees awarded are governed by the abuse of discretion standard.

However, even treating challenges to reasonable hour and reasonable rate determinations as challenges to subsidiary factual findings (see *Pollock, supra,* 107 Cal.App.5th at p. 1195 [observing in affirming fee award, "[w]e accept the trial court's factual findings supported by substantial evidence,

4

and we imply findings to support the court's order"]), defendants have the substantial evidence standard exactly backwards.

Substantial evidence review does not entail determining whether the appellant proffered such evidence in support of its own position, but rather whether the trial court's findings are supported by *any* substantial evidence in the record, e.g., evidence proffered by the respondent and credited by the court. "Under that standard of review, 'the power of an appellate court begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact.' [Citation.] In so doing, we accept all evidence that supports the judgment, disregard contrary evidence, and draw all reasonable inferences to uphold the judgment. [Citation.] 'It is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it.' " (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173 (*Slone*).)

Moreover, to succeed on a substantial evidence challenge, let alone an abuse of discretion challenge, an appellant must fairly recite all the evidence that was before the trial court and not just the evidence that purportedly supported appellant. "It has long been established that an appellant must present in its brief all the material evidence on the issue, not just the evidence that supports its position, and failure to so state the evidence may be deemed a waiver of the substantial evidence challenge. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 . . . [substantial evidence challenge requires parties to ' "set forth in their brief *all* the material evidence on the point and *not merely their own evidence*" ' (quoting *Kruckow v. Lesser* (1952) 111 Cal.App.2d 198, 200. . . .)].)" (*Pilliod v. Monsanto Co.* (2021)

67 Cal.App.5th 591, 621.) "To meet its burden on appeal to show a finding of fact is not supported by substantial evidence, appellants cannot recite only evidence in their favor, but must ' "set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed to be waived." ' " (*Slone, supra,* 106 Cal.App.5th at p. 1173, quoting *Foreman & Clark Corp.,* at p. 881.)

It is apparent from plaintiffs' respondents' brief, and from our own review of the record, that defendants have *wholly* failed in their obligation to fairly and completely discuss *all* the evidence that was before the trial court. Plaintiffs submitted numerous declarations and exhibits in support of their fee motion. Defendants disregard all of this. They have therefore waived any complaint about the sufficiency of the evidence to sustain the court's reasonable hours and reasonable rate determinations, and its application of a multiplier.[2]

---

[2] In their "Statement of Facts" (some capitalization omitted) defendants state "[t]here are no provisions under the [Voidable Transaction] act for awarding attorney fees," and while "[p]laintiffs' arguments [were] predicated on the argument that the transfers a fraudulent intent to evade the judgment[,] [n]o such finding was made. . . ." Even assuming such a passing reference to an issue in a section of an opening brief *other* than the argument section can be sufficient to put the issue before the appellate court for decision, defendants' briefing on this point suffers from all the deficiencies we have discussed above. (See *Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1399 ["Where a point lacks adequate legal discussion or citation to authority, we may treat it as abandoned."].) Furthermore, defendants appear to have conceded the basis for a fee award in the trial court. In their moving papers, plaintiffs discussed in detail the legal basis for their entitlement to fees. Other than a one-page, four-sentence opposition lacking relevant citation, let alone, authority contrary to the extensive authorities cited by plaintiffs, there is no written opposition by defendants in the record. When counsel appeared to contest the tentative ruling awarding fees, he stated there were only "two issues here"—(1) "the hourly rate" which had been reduced from $750 to $720 was still "too high" and should be set at

6

In short, defendants have not begun to demonstrate that the amount of fees awarded " ' "is so large or small that [it] shocks the conscience and suggests that passion or prejudice influenced the determination." ' " (*Mikhaeilpoor, supra,* 48 Cal.App.5th at p. 246, quoting *In re Tobacco Cases I, supra,* 216 Cal.App.4th at p. 587.)

## DISPOSITION

The first amended judgment filed on August 29, 2025, awarding plaintiffs $256,087 in attorney fees is AFFIRMED.  Plaintiffs to recover costs on appeal.

---

$600, and (2) the 1.3 multiplier was not "justified" because this was a straightforward case.  At the conclusion of the hearing, the court asked both counsel if there was "anything else anybody wants me to consider?  Otherwise, submitted, folks?"  Defendants' counsel simply replied, "Submitted."  Similarly, in this court, defendants filed no reply brief taking issue with plaintiffs' discussion and cited authorities in their respondents' brief supporting their entitlement to a fee award.  (See *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 90 [the appellants made an implicit concession by "failing to respond in their reply brief to the [respondent's] argument on th[at] point"].)  On this record, we can only conclude defendants have abandoned any contention that there is no legal basis for an award of fees to plaintiffs.

_____

Banke, J.

WE CONCUR:


_____

Humes, P. J.


_____

Smiley, J.

A174750, *Sarkany v. West*