886 P.2d 772

Eric HETTINGA, Plaintiff–Appellant,

v.

Simon SYBRANDY and Ida Sybrandy, husband and wife and Anna Hettinga, Defendants–Respondents.

No. 20531.

Supreme Court of Idaho, Boise, March 1994 Term.

Nov. 9, 1994.

Rehearing Denied Jan. 10, 1995.

Fredericksen, Williams & Meservy, Jerome, and Webb, Pedersen & Webb, Twin Falls, for appellant. Lloyd J. Webb argued.

Hollifield, Tolman & Bevan, Twin Falls, and Cosho, Humphrey, Greener & Welsh, Boise, for respondents. William R. Hollifield and Stanley W. Welsh argued.

SILAK, Justice.

This is an appeal from a decision of a district court that the appellant and his ex-wife were not owners of certain real property on which a dairy is situated. Appellant sought to establish ownership under theories of resulting trust and constructive trust. We affirm the district judge's order that no resulting or constructive trust should be imposed.

## I.

## BACKGROUND AND PROCEDURE

Eric Hettinga (Mr. Hettinga) and Anna Hettinga (Mrs. Hettinga) were married in 1973. In 1982, the Hettingas moved to Idaho from California. The Hettingas hoped to purchase the DeHood Dairy, situated on 52 acres of land in Jerome County, but were unable to arrange financing for the purchase. Mrs. Hettinga's parents, Simon and Ida Sybrandy (the Sybrandys), agreed to purchase the dairy and lease the property to the Hettingas for a monthly payment equal to the payment due on the underlying land sale contract. The Sybrandys purchased the property in their name and directly paid all monthly escrow payments to the escrow holders. The Hettingas paid all monthly lease payments to the Sybrandys, and the Hettingas' names do not appear on any of the closing documents. The Sybrandys initially paid the water maintenance fees and a portion of the insurance on the dairy. After a few years, the Hettingas began paying the full amount of the insurance premium on the dairy, as well as the water maintenance fees. All of the personal property and livestock associated with the dairy operation were purchased by the Hettingas.

In 1988, the Hettingas expanded the dairy operation. Financing for the expansion was provided through a Federal Land Bank Loan. Again, the title to the property purchased for the expansion was in the Sybrandys' names, and the promissory note was signed by the Sybrandys. The additional payments were reimbursed by the Hettingas in the same manner, with the amount of the additional mortgages added to the monthly payment to the Sybrandys. The Hettingas also purchased approximately 16.8 additional acres of surrounding land in their own name, with no contribution from the Sybrandys.

In 1989, Mr. Hettinga attempted to memorialize the agreement of the parties in a contract, characterizing the relationship as a leasehold with an option to purchase. The Sybrandys rejected this offer, responding with a lease agreement that the Hettingas rejected. In 1990, Mr. Hettinga offered the Sybrandys a contract characterizing the ar-

rangement as an immediate purchase of the real property, with a lease preceding that purchase. The Sybrandys also rejected this offer.

On July 11, 1991, Mrs. Hettinga filed for a divorce from Mr. Hettinga. Mr. Hettinga filed a complaint in district court against Mrs. Hettinga and the Sybrandys, seeking a determination of the Hettingas' and the Sybrandys' interests in the dairy. Mr. Hettinga argued that the relationship between the Hettingas and the Sybrandys created a resulting trust or alternatively a constructive trust, and that the Hettingas should be held to be the owners of the property despite the lack of a written conveyance of the property to them. Mr. Hettinga further asserted that, if the relationship between the Hettingas and the Sybrandys did not create a constructive or resulting trust, then the Sybrandys were unjustly enriched by the Hettingas' improvements to the property. After Mr. Hettinga filed the complaint, the Sybrandys filed a counterclaim to have the Hettingas removed from the property for failure to pay rent.

Because the issues concerning the characterization of the parties' interests in the dairy bore directly on the value of the Hettingas' marital community, the district court case was heard in conjunction with the divorce action. On October 5, 1992, the pro tem district judge granted a divorce to the Hettingas and took the characterization of the property under advisement.

On November 17, 1992, the pro tem district judge issued findings of fact and conclusions of law, holding that no resulting trust or constructive trust should be imposed. The district court further concluded that the Hettingas' improvements were installed in order to, and did in fact, increase the net income of the dairy operation. The fact that those improvements remained to the benefit of the Sybrandys was incidental to the purpose for which they were installed. The district court thereby concluded that the Sybrandys were not unjustly enriched. The district court also concluded that the Sybrandys were the lawful owners of the property, the property was leased to the Hettingas on a month-to-month basis, the Sybrandys properly notified Mr. Hettinga of termination of

the lease, and Mr. Hettinga neither paid the past due rent on the property nor vacated the property upon proper notification and demand by the Sybrandys. As a result, the district court found Mr. Hettinga was guilty of unlawful detainer of the property under I.C. § 6–303.

Mr. Hettinga appeals, contending that the district court erred by concluding that the relationship between the Hettingas and the Sybrandys did not create a resulting or a constructive trust. Mr. Hettinga also contends that the Sybrandys were unjustly enriched as a result of this transaction, and that the provision for attorney fees in I.C. § 6–324 is not applicable to the facts of this case.

## II.

### STANDARD OF REVIEW

Idaho law presumes that the holder of title to property is the legal owner of that property. *Russ Ballard & Family Achievement Inst. v. Lava Hot Springs Resort, Inc.*, 97 Idaho 572, 579, 548 P.2d 72, 79 (1976). The Idaho statute of frauds requires that all interests in real property must be accomplished through a writing, signed by the party granting the interest or that party's agent. I.C. § 9–503. Although a trust in real property can arise by implication or operation of law without such a writing, I.C. § 9–504, a person claiming ownership through such a trust " 'must establish such claim by evidence that is clear, satisfactory and convincing.' " *Russ Ballard*, 97 Idaho at 579, 548 P.2d at 79 (*quoting In re Capolino's Estate*, 94 Cal. App.2d 574, 577, 210 P.2d 850, 852 (1949)). The determination of whether such evidence has been presented is a question of fact to be determined by the trial court, and that court's findings will be disturbed only if they are clearly erroneous. *Jolley v. Clay*, 103 Idaho 171, 176, 646 P.2d 413, 418 (1982).

## III.

### HETTINGA FAILED TO ESTABLISH THE EXISTENCE OF A RESULTING TRUST

Mr. Hettinga asserts that the facts before the trial court establish that a result-

ing trust should have been imposed on the property, with the Sybrandys holding title in favor of the Hettingas. Generally, a resulting trust can arise either (1) where title to property is transferred to one party, the trustee, although another party, the beneficiary of the trust, paid the purchase price for that property; or (2) where legal title to property is transferred by gift or devise, with an apparent intent that the donee or devisee is to hold legal title as a trustee in order for the beneficiary of the trust to enjoy the beneficial interest in that property. *Hawe v. Hawe*, 89 Idaho 367, 376, 406 P.2d 106, 110 (1965) (*quoting* 89 C.J.S. Trusts § 98 at 940). Mr. Hettinga claims that the Sybrandys hold title to the dairy property under a resulting trust of the first type, technically holding title despite the fact that the Hettingas supplied the consideration for the purchase of the property.

In order to establish the existence of a resulting trust, Mr. Hettinga must prove that the Hettingas and the Sybrandys intended for the Sybrandys to hold title in trust for the Hettingas, and that the Hettingas either paid or incurred an absolute obligation to pay for that property. *Shurrum v. Watts*, 80 Idaho 44, 54, 324 P.2d 380, 386 (1958). Mr. Hettinga testified at trial that during several conversations with the Sybrandys, Mr. Sybrandy referred to the dairy as the Hettingas.' However, Mr. Hettinga failed to corroborate those conversations with third party witnesses or other admissible evidence. Mr. Hettinga further testified that it was the intent of the parties at the time of closing in 1984 that the Sybrandys would purchase the dairy in their name to receive certain tax benefits, but that at some point in the future, the Hettingas could "take over" ownership by repaying the out-of pocket costs incurred by the Sybrandys. However, there was no evidence that in 1984 the parties agreed to when or under what terms the alleged buyout would take place. By contrast, Mrs. Hettinga testified that she believed the arrangement with her parents was a month-to-month lease, and denied that she and Mr. Hettinga were the real owners. Likewise, Mr. Sybrandy denied that the Hettingas had any ownership rights, and testified the parties entered an oral month-to-month lease.

The district court found that Mr. Hettinga's uncorroborated testimony regarding the Sybrandys' intent at the time the property was purchased did not rise to the clear and convincing degree of proof required to establish a resulting trust. That court's finding that such uncorroborated and disputed evidence was not clear and convincing proof of the parties' intent is supported by evidence that is both substantial and competent.

## IV.

## HETTINGA FAILED TO ESTABLISH THE EXISTENCE OF A CONSTRUCTIVE TRUST

Mr. Hettinga alternatively claims that if the relationship between the parties is not sufficient to create a resulting trust, a constructive trust should have been recognized in favor of the Hettingas. As this Court has explained in *Witt v. Jones*, 111 Idaho 165, 722 P.2d 474 (1986):

A constructive trust arises where legal title to property has been *obtained through ac*-tual fraud, misrepresentations, concealments, taking advantage of one's necessities, or under circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in property.

*Id.* at 168, 722 P.2d at 477. The district court concluded that a constructive trust could be imposed where property was obtained either fraudulently or through violation of a fiduciary duty.

Mr. Hettinga asserts that the trial court committed reversible error by concluding that a fiduciary relationship is a required element of a constructive trust. This argument misapprehends the district court's reasoning. Although that court concluded that a fiduciary relationship could be relevant to the existence of a resulting trust, the court also noted that, in the absence of a fiduciary relationship, "[a] constructive trust could still be imposed by this court if the court could find that Anna and Eric Hettinga entered into this arrangement as a result of the fraud of Mr. and Mrs. Sybrandy."

■ The trial court concluded that the record did not present any evidence that the Sybrandys fraudulently misrepresented facts to Mr. Hettinga or that Mr. Hettinga reasonably relied upon any such representation. Mr. Hettinga asserts that, as a result of the Sybrandys' representation that the property would ultimately transfer to the Hettingas, the Hettingas improved the property and paid rent substantially in excess of that which would ordinarily be paid by a tenant. The district court found that Mr. Hettinga failed to present clear and convincing evidence of any fraudulent misrepresentation by the Sybrandys upon which the Hettingas could reasonably rely. Mr. Hettinga merely offered his own uncorroborated testimony that the Sybrandys entered into an oral contract to let the Hettingas take over or assume ownership of the dairy, and that a transfer to them would occur sometime in the future. The record amply supports the finding that Mr. Hettinga failed to present clear and convincing evidence of any fraudulent representations by the Sybrandys.

The record provides substantial and competent evidence to support the trial court's findings that Mr. Hettinga failed to establish the existence of either a constructive or a resulting trust in the dairy property. The district court's holding that the Sybrandys are the fee owners of that property is affirmed.

## V.

## SUBSTANTIAL AND COMPETENT EVIDENCE SUPPORTS THE DISTRICT COURT'S FINDING THAT THE SYBRANDYS WERE NOT UNJUSTLY ENRICHED

■ Mr. Hettinga further argues that if the Sybrandys are the rightful owners of the property, they have been unjustly enriched by the Hettingas' improvements. In order to recover on the theory of unjust enrichment, Mr. Hettinga must establish that he conferred some benefit on the Sybrandys that would be unjust for the Sybrandys to retain. *Beco Const. Co. v. Bannock Paving Co.*, 118 Idaho 463, 467, 797 P.2d 863, 867 (1990). Recovery for unjust enrichment is unavailable if the benefits to the Sybrandys were created incidentally by Mr. Hettinga in pursuit of his own financial advantage. *Brown v. Yacht Club of Coeur d'Alene, Ltd.*, 111 Idaho 195, 199, 722 P.2d 1062, 1066 (Ct. App.1986).

The district court found that Hettinga failed to establish that the improvements to the property were intended for the benefit of the Sybrandys. Rather, the district court found, the Hettingas improved the property in order to increase the income generated by the dairy operation, and income in fact increased. Noting that the Sybrandys and the Hettingas did not enter into an agreement as to whether the Hettingas would be compensated for the improvements at the termination of the leasehold, the district court held that there was no basis from which to conclude that the Sybrandys were unjustly enriched at the Hettingas' expense. *See Knauss v. Hale*, 64 Idaho 218, 227, 131 P.2d 292, 295 (1942) (general rule that where tenant voluntarily places improvements upon leasehold in absence of agreement, tenant is not entitled to compensation from landlord).

Mr. Hettinga now asks this Court to include an implied term in the agreement between the Hettingas and the Sybrandys, through which the Sybrandys should be required to reimburse the Hettingas for their improvements to the property. However, the district court's finding that the improvements were undertaken by the Hettingas for the purpose of increasing the Hettingas' income from the dairy operation is supported by substantial and competent evidence. The record indicates that the Sybrandys did not agree to reimburse the Hettingas for any improvements to the property, and also discloses that, as a result of those improvements, the Hettingas increased their net worth nearly $650,000. The district court's ruling that the Sybrandys were not unjustly enriched is therefore affirmed.

## VI.

## I.C. § 6–324 DIRECTS AN AWARD OF ATTORNEY FEES IN THIS ACTION

■ After Mr. Hettinga filed the complaint in the present action, the Sybrandys

filed a counterclaim, seeking a writ of restitution. The district court found that Mr. Hettinga was guilty of unlawful detainer of property under I.C. § 6–303, and accordingly awarded attorney fees as directed by I.C. § 6–324. The district court's finding of unlawful detainer is supported by substantial, competent evidence. Hence, the attorney fee award to the Sybrandys was proper. The Sybrandys' request for attorney fees on appeal under I.C. § 6–324 is also granted on that basis.

## VII.

## CONCLUSION

The district court's order and judgment are affirmed. Costs and attorney fees on appeal to respondents.

BISTLINE, JOHNSON and TROUT, JJ., and REINHARDT, J. Pro Tem, concur.