IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 38572

STEVEN J. SNIDER and MARY A. )
SNIDER, husband and wife, )
)
   Plaintiffs-Counterdefendants- )
   Respondents, )
)
v. )
)
RONALD D. ARNOLD and DOROTHY A. )
ARNOLD, husband and wife, )
)
   Defendants-Counterclaimants- )
   Appellants. )
)
)

Lewiston, September 2012 Term

2012 Opinion No. 136

Filed: November 15, 2012

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Michael R. McLaughlin, District Judge.

District court decision granting constructive trust property interest, <u>affirmed.</u>

Christ T. Troupis, Eagle, argued for appellants.

Michael G. Pierce, Cascade, argued for respondents.

———————————————

BURDICK, Chief Justice

Ronald (Ron) and Dorothy Arnold appeal the district court's decision to grant a constructive trust property interest in favor of Ron's sister, Mary Snider (Toni) and her husband, Steve Snider. The property in question is a cabin and accompanying forest service permit for land located in Valley County, Idaho. Toni and Ron's father built the cabin and willed it, along with the permit, to his wife, Bette Arnold. The district court imposed a constructive trust on the property in favor of the Sniders finding that Bette transferred the property to both the Arnolds and the Sniders in 1983. The Arnolds appeal the decision, arguing that the Sniders failed to present clear and convincing evidence of a constructive trust and the district court's finding that Bette intended to give the property to both parties was clearly erroneous. We affirm the opinion of the district court.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Ron and Dorothy Arnold are the named holders on a Forest Service special use permit for a cabin and 0.5 acres of land located in Valley County, Idaho. The cabin and permit originally belonged to Francis Doyle Arnold, Ron and Toni's father, but he left the property to his wife Bette in his will. Soon after her husband's death, Bette signed a permit transfer form dated January 6, 1983, which terminated her interest in the property and requested that it be transferred to Ron and Dorothy Arnold and Toni and Steve Snider.

The Sniders, the Arnolds, and the Cascade District Ranger all signed this permit transfer form, however the circumstances surrounding its signing are disputed with the Arnolds claiming that the Sniders' names and signatures were added after Bette signed the form as an accommodation to the Sniders. Despite both the Arnolds and the Sniders being listed as permittees on the application, the Forest Service returned the permit in the Arnolds' names alone because of a new directive limiting special use permits to one person or entity or to a husband and wife. Ron claims he knew that this would be the outcome and never represented otherwise to the Sniders either before or after he submitted the permit application. In contrast, Toni claims, and the district court found, that Ron made statements to her that they would jointly own the cabin and permit despite the permit being in the Arnolds' name alone. The district court also found that Toni had a confidential relationship with her brother and trusted him to hold title to the permit for both couples.

For more than 20 years after the Forest Service issued the permit in the Arnolds' name, the Arnolds and the Sniders shared the use and expenses of the cabin. Ron took care of the cabin's bookkeeping, while the Sniders would inquire about their share of cabin expenses and reimburse him for specific amounts. The Sniders and the Arnolds divided the available weeks at the cabin equally amongst them and, on at least one occasion, the Arnolds asked the Sniders if they could stay into their assigned week.

In 2009, after noticing a change in the couples' dynamic with respect to the cabin, Toni confronted her brother. Toni claims that this confrontation was the first time that Ron had ever told her that he and his wife were the sole owners of the cabin. After further discussions with the Arnolds failed, the Sniders filed a complaint later that year seeking a declaratory judgment recognizing their right to a one-half undivided interest in the cabin and permit.

2

Following trial, the district court issued its Findings of Fact, Conclusions of Law, and Judgment on January 18, 2011, imposing a constructive trust on a one-half interest in the cabin and permit in favor of the Sniders. The Arnolds now appeal the district court's findings of fact that the Sniders proved their constructive trust claim by clear and convincing evidence.

## II. STANDARD OF REVIEW

A claim that a trust in real property has arisen by implication or operation of the law must be proven by clear and convincing evidence. *Hettinga v. Sybrandy*, 126 Idaho 467, 469, 886 P.2d 772, 774 (1994). "The determination of whether such evidence has been presented is a question of fact to be determined by the trial court, and that court's findings will be disturbed only if they are clearly erroneous." *Id*. If substantial and competent, though conflicting, evidence supports a trial court's findings of fact, those findings are not clearly erroneous. *Weitz v. Green*, 148 Idaho 851, 857, 230 P.3d 743, 749 (2010); I.R.C.P. 52(a). "This Court will not substitute its view of the facts for that of the trial court." *Justad v. Ward,* 147 Idaho 509, 511, 211 P.3d 118, 120 (2009). Instead, it is the province of the trial court to weigh conflicting evidence and to judge the credibility of witnesses. *Argosy Trust v. Wininger*, 141 Idaho 570, 572, 114 P.3d 128, 130 (2005).

## III. ANALYSIS

The Arnolds raise two issues on appeal. First, whether the district court erred in finding that the Sniders produced sufficient evidence of a constructive trust to satisfy the clear and convincing evidence standard. Second, whether the district court's conclusion that Bette Arnold intended to transfer her property to both the Sniders and the Arnolds was clearly erroneous.

**A. The district court's determination that the Sniders proved a constructive trust by clear and convincing evidence is not clearly erroneous.**

The Arnolds argue that the Sniders did not prove the elements of their constructive trust claim by clear and convincing evidence. A constructive trust arises when "legal title to property has been obtained through actual fraud, misrepresentations, concealments, taking advantage of one's necessities, or under circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in property." *Hettinga*, 126 Idaho at 470, 886 P.2d at 775 (quoting *Witt v. Jones*, 111 Idaho 165, 168, 722 P.2d 474, 477 (1986)). Imposition of a constructive trust is an equitable remedy and does not require that the holder of legal title intend to create a trust interest in another. *Davenport v. Burke*, 30 Idaho 599, 608, 167 P. 481, 483

3

(1917). Indeed, a constructive trust arises from the legal title holder's wrongful actions and not from any intent to create a trust. *Id.* A party seeking to impose a constructive trust must prove the facts alleged to give rise to the trust by clear and convincing evidence. *Hettinga*, 126 Idaho at 469, 886 P.2d at 774. Whether a party presented sufficient evidence to meet the clear and convincing standard is a finding of fact that this Court will uphold if substantial and competent evidence supports it. *Id.*

The Arnolds argue that the district court's determination that the Sniders proved their constructive trust claim by clear and convincing evidence is clearly erroneous because the Sniders did not present any evidence that the Arnolds used inequitable means to obtain title to the cabin and permit. They also contend that the Sniders did not present clear and convincing evidence of an agreement to create a resulting trust. However, because the district court only imposed a constructive trust, never mentioning resulting trusts in its Findings of Fact, Conclusions of Law, and Judgment, this part of the Arnolds' argument will not be addressed.[1]

In this case, the district court imposed a constructive trust after finding that (1) Bette intended to give the cabin and permit to both the Sniders and the Arnolds and (2) Ron took advantage of his confidential relationship with his sister Toni by representing to her that the permit would be in his name, but both couples would jointly own it. The Arnolds argue that they did not gain title to the cabin by any wrongful means and the court's conclusion that Ron told Toni he would hold title to the cabin for their mutual benefit was clearly erroneous. They claim that both Ron's and Bette's testimony prove Bette's intent to transfer the cabin to the Arnolds alone and that Ron never indicated otherwise to Toni. While Ron's and Bette's testimony may support this claim, the rest of the evidence does not.

There is ample evidence in the record to support the district court's finding that the Sniders proved by clear and convincing evidence that Bette intended to transfer the cabin and permit to both parties and that Ron represented to Toni that they jointly owned the cabin and permit. First, several disinterested, independent witnesses corroborated the Sniders' claim that Ron and Bette made representations concerning the cabin's joint ownership. Second, the fact that the permit transfer form Bette signed listed the Sniders and the Arnolds as the transferees

---

[1] Appellants' Brief deals extensively with an argument concerning resulting trusts and how the Sniders failed to prove by clear and convincing evidence that the Arnolds ever agreed to create a trust in favor of the Sniders. The Appellants incorrectly state that the district court's findings of fact included the conclusion that Arnolds had agreed to create a trust in favor of the Sniders. However, the court actually found that a constructive trust had been created, which does not require an agreement, and never mentions resulting trusts.

indicates that Bette intended, and the couples understood, that the Arnolds and the Sniders were to jointly own the cabin and permit. The Arnolds' claims that the permit transfer form was blank when Bette signed it and that the Sniders' names were added afterward as an accommodation to them make little sense and are contradicted by the transfer form itself. The Sniders' names are typed on the line labeled "proposed permittees" below that of the Arnolds on the permit transfer form, which would suggest that the Sniders' names were typed into the form at the same time as that of the Arnolds, not "squeezed" in later as the Arnolds claim. Moreover, Ron's claim that he only allowed the Sniders to be named as proposed permittees because he already knew about the Forest Service's policy of limiting special permits to one person or entity or to a husband and wife is contradicted by the Cascade District Ranger's letter to Ron explaining why the Forest Service issued the permit in only one name. In this letter the Cascade District Ranger, explained that the Forest Service had adopted a new directive to replace its previous policy, which had been vague about issuing permits to multiple parties. This was the same District Ranger who signed the permit transfer form recommending its approval with both names on it. Finally, the Sniders' and the Arnolds' conduct with respect to the cabin was consistent with that of joint ownership. The Arnolds and the Sniders shared both the use and expenses of the cabin. The payments the Sniders made to the Arnolds were not merely contributions as the Arnolds claim, but checks for specific dollar amounts that often referenced "insurance" or "taxes" in the subject line.

The district court recognized that there was conflicting testimony in this case, but found Toni and Steve to be more credible than Ron and Bette. This Court has held that even where the evidence is conflicting, it may still be substantial and competent, and it is for the district court to weigh the evidence and judge the credibility of witnesses. *Clayson v. Zebe*, 153 Idaho 228, ___ P.3d 731, 737 (2012). Therefore, the district court's findings of fact are to be "liberally construed on appeal in favor of the judgment entered." *Id.* However, liberal construction is not necessary in this case. The testimony of the Sniders and their witnesses, the behavior of the parties, the fact that the permit transfer form lists both couples as transferees, and the Cascade District Ranger's letter all support the district court's conclusion that Ron represented to the Sniders that they jointly owned the cabin and permit. Therefore, this Court affirms the district court's finding of fact that the Sniders proved their constructive trust claim by clear and convincing evidence.

5

**B. Substantial and competent evidence supports the district court's finding that Bette Arnold's testimony was not credible.**

The Arnolds argue that the district court's finding of fact that Bette intended to transfer her property to both the Arnolds and the Sniders was clearly erroneous because it is contrary to what she expressed in her trial testimony and because the court discarded her testimony on questionable grounds. While the Arnolds repeat some of the arguments about Bette's intent to transfer the cabin solely to the Arnolds that the preceding section addresses, they mainly challenge the district court's determination that Bette's testimony is not credible.[2]

The district court made the following findings of fact as to Bette's credibility:

The Court will find Bette Arnold's testimony is not credible in light of her prior statements that she was giving the cabin to both of her late husband's children, her poor memory in light of her age and the will that she executed along with her late husband. There was also testimony that Ron Arnold had recently assisted Bette Arnold with her financial affairs, in 2010, for which she was very grateful and the Court will find that this has an impact on her credibility as well. The Court will find that Bette Arnold had no accurate recollection of the conversation that occurred between herself and Ron Arnold in January of 1983 or what if any names were on the transfer form.

This Court liberally construes the district court's credibility determinations because "[i]t is the province of the trial court to determine the credibility of witnesses, the weight to be given their testimony, and the inferences to be drawn from the evidence." *Kelley v. Yadon*, 150 Idaho 334, 338, 247 P.3d 199, 203 (2011). "It is not our role to reweigh the evidence." *In re Doe 2009-19*, 150 Idaho 201, 209, 245 P.3d 953, 961 (2010). We holds that he district court's finding that Bette was not credible is thoroughly explained and supported by substantial and competent evidence.

**C. The Sniders are entitled to attorney fees under Idaho Code §12-121.**

The Sniders seek attorney fees on appeal pursuant to I.C. § 12-121. To receive an I.C. § 12-121 award of fees, the entire appeal must have been pursued frivolously, unreasonably, and

---

[2] The Arnolds also argue that this determination deprives Bette of her right to dispose of her property as she pleases, but do not provide any support for this assertion or why they have standing to raise a claim of right for someone who is not a party to this case.

without foundation. *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, __, 274 P.3d 1256, 1271 (2012) (citing *Beus v. Beus*, 151 Idaho 235, 242, 254 P.3d 1231, 1238 (2011)). Such circumstances exist when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law. *City of Boise v. Ada Cnty.*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009). Conversely, fees generally will not be awarded when "the losing party brought the appeal in good faith and where a genuine issue of law was presented." *Id.* Here, the Arnolds did not present any issues of law and merely asked this Court to reweigh the district court's findings of fact. Indeed, the Arnolds admit as much in their reply brief by arguing that there are no grounds for awarding attorney fees because their brief "did dispute findings of fact by the trial court." Because the Arnolds brought this appeal unreasonably or without foundation, the Sniders' request for attorney fees is granted.

## IV. CONCLUSION

We affirm the district court's decision that the Sniders proved their constructive trust claim by clear and convincing evidence and grant the Sniders request for attorney fees on appeal under I.C. § 12-121. Costs to the Sniders.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**

7