# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44780

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| | ) Filed: August 2, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRIAN T. KINCAID, TAMMI L. | ) OPINION AND SHALL NOT |
| KINCAID, and John Does 1-10, as | ) BE CITED AS AUTHORITY |
| Occupants of the Premises located at 142 | ) |
| Wolverine Road, Moyie Springs, ID | ) |
| 83845, | ) |
| | ) |
| Defendants-Appellants. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara A. Buchanan, District Judge, <u>affirmed</u>.

Memorandum decision and order denying defendants' motions to reconsider, to amend responsive pleading, and to allow additional discovery, <u>affirmed</u>.

Brian T. Kincaid; Moyie Springs, pro se appellant.

Tammi L. Kincaid; Moyie Springs, pro se appellant.

Hawley, Troxell, Ennis & Hawley, LLP; Kenneth C. Howell, Boise, for respondent.

---

HUSKEY, Judge

Brian T. and Tammi L. Kincaid appeal from the district court's order denying their motion to reconsider the summary judgment entered on behalf of Wells Fargo Bank, N.A. The district court granted Wells Fargo's motion for summary judgment for a writ of ejectment of the Kincaids from their home. Because of the Kincaids' default on their mortgage, Wells Fargo had foreclosed on the home and sold it as part of a non-judicial foreclosure. After the sale, the Kincaids refused to vacate the premises and surrender the house. Wells Fargo filed a writ of ejectment, which was granted by the district court. The Kincaids filed a motion to reconsider, to

1

amend responsive pleading, and to allow additional discovery, which was denied by the district court. It is from the memorandum decision and order denying defendants' motion to reconsider, to amend responsive pleading, and to allow additional discovery from which the Kincaids appeal. For the reasons set forth below, we affirm the judgment of the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case are set forth in detail in the district court's memorandum and order granting summary judgment with the relevant facts as follows: In 2003, Brian executed a Note secured by a Deed of Trust for a home he shared with his wife, Tammi. Wells Fargo was the beneficiary of the Deed of Trust. In 2015, a Notice of Default was recorded by the Successor Trustee on the grounds that there had been no payments made on the Note since July 1, 2011. The Successor Trustee properly gave notice of the time and place of the sale of the property to Brian. The initial sale was postponed but ultimately occurred on January 28, 2016. Despite the sale, the Kincaids continued to occupy the property and refused to relinquish possession. Consequently, Wells Fargo filed a complaint for ejectment and restitution of the property, requesting the Kincaids vacate the premises and surrender the property. The Kincaids unsuccessfully challenged the validity of the foreclosure, Trustee's sale, and the Trustee's Deed.

Thereafter, Wells Fargo moved for summary judgment on its complaint for ejectment arguing that there were no genuine issues of material fact relating to the complaint. The Kincaids responded to the motion. The district court granted Wells Fargo's motion for summary judgment on various grounds. First, the district court held the Kincaids' challenge to the validity of the sale could not be raised for the first time in opposition to a properly noticed motion for summary judgment on a complaint for ejectment. The district court also determined the Kincaids' argument on that issue, as well as other claims, were either not supported by facts in the record or were not supported by law. The district court concluded there were no genuine issues of material fact relating to the sale or to the ejectment action even after drawing all probable inferences in favor of the Kincaids and the court granted Wells Fargo's motion for summary judgment. The district court then dismissed the Kincaids' counterclaim, awarded costs to Wells Fargo as the prevailing party, and granted attorney fees pursuant to Idaho Code § 12-121.

2

The Kincaids filed a motion to reconsider, to amend their counterclaim, and to conduct additional discovery. The district court denied the motion and awarded attorney fees and costs to Wells Fargo. It is from this order the Kincaids appeal.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Campbell v. Reagan*, 144 Idaho 254, 258, 159 P.3d 891, 895 (2007); *Carnell v. Barker Mgmt. Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002).

A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

3

# III.

## ANALYSIS

In this case, the Kincaids appeal from the district court's order denying their motion to reconsider, amend their pleadings, and engage in discovery. Wells Fargo argues that the Kincaids' opening brief is fatally deficient because they fail to identify issues or support any issues with argument and authority. As a result, Wells Fargo requests attorney fees and costs pursuant to I.C. § 12-121 and Idaho Appellate Rule 11.2(a).

On appeal, the Kincaids assert that they "disagree" with the district court's denial of the motion to amend their pleadings and allow discovery. It does not appear that they challenge the district court's order granting summary judgment.[1] The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Washington Cnty. Rd. and Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Additionally, I.A.R. 35(a)(6) requires that the opening brief "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon," or this Court will not consider the issue. *See, e.g.*, *Liponis v. Bach*, 149 Idaho 372, 374, 234 P.3d 696, 698 (2010).

Here, the Kincaids provide a list of statements they assert are the issues on appeal. It appears the Kincaids have put a great deal of effort into their briefs but it is difficult to discern the issues on appeal. For example, the statement closest to stating an issue reads, "Disagree with order denying motion for new discovery & reconsideration." On this, and all other issues, the Kincaids provided no citation to the record, the transcript, or any authority to support their claim. The argument is as follows:

> The appellants disagree with the decision to disallow the motion for new discovery and the motion for reconcideration based on the lack of issues. Attorney [] representing appellants at that time did not bring forward any issues we had discused and were told those issues would brought forward

---

[1] The Kincaids attached two affidavits to their opening brief. However, because they were not presented to the district court in the trial court proceedings, we will not consider them on appeal. *See Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007) (noting that appellate review is limited to the evidence and issues presented in the trial court).

> when awarded the motion for reconcideration. All request precented to Judge Buchanan by [attorney] were denied. I believe there may be a possible conflict of interest between [attorney] and Judge Buchanan. The attorney for the plaintiff [] portrayed as deceitful and as liers, not the case.

This sample is representative of the argument on other issues presented by the Kincaids. We understand the challenges and obstacles facing self-represented litigants. However, pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* In this case, the opening brief submitted by the Kincaids does not comply with the appellate rules or the relevant case law. Reading the Kincaids' opening brief and reply brief generously, the lack of citation of any kind, in addition to the unclear claims of error, prevents us from reviewing the claims on the merits. The reply brief filed by the Kincaids concedes there is no authority provided in either brief. While the reply brief takes issue with some of the factual statements in respondent's brief, there is no argument or authority to show that those factual findings are clearly erroneous, which is the relevant standard of review for this Court. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). As a result, the failure to comply with the relevant rules and authority precludes a review of the issue in this appeal.

Wells Fargo seeks attorney fees pursuant to I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. An action is pursued, defended, or brought frivolously, unreasonably, or without foundation, "when an appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the district court incorrectly applied well-established law." *Snider v. Arnold*, 153 Idaho 641, 645-46, 289 P.3d 43, 47-48 (2012). Those circumstances have been met in this case. Consequently, Wells Fargo, as the prevailing party, is entitled to attorney fees and costs pursuant to I.C. § 12-121.

## IV.

## CONCLUSION

The district court's order denying the Kincaids' motions to reconsider, to amend responsive pleading, and to allow additional discovery is affirmed. Costs and attorney fees on appeal are awarded to Wells Fargo pursuant to I.C. § 12-121.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.