**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50055**

| | |
|---|---|
| RITA ELAINE HOGGAN, | ) |
| | ) **Filed: May 10, 2023** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| COLE EZEKIAL CLARK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge. Hon. Cleve B. Colson, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, affirming in part and vacating in part judgment granting modification of child custody and child support, <u>affirmed</u>.

Smith Woolf Anderson & Wilkinson, PLLC; Aaron J. Woolf, Idaho Falls, for appellant.

Blaser, Oleson & Lloyd, Chartered; Justin B. Oleson, Blackfoot, for respondent.

_____

LORELLO, Chief Judge

Rita Elaine Hoggan appeals from the order of the district court, on intermediate appeal from the magistrate court, affirming in part and vacating in part a judgment granting modification of child custody and child support. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hoggan and Cole Ezekial Clark are the parents of the minor child in this action. Pursuant to an agreement reached by the parties, the magistrate court entered a judgment granting the parties joint legal and physical custody of the child. The judgment did not order either party to pay child

support.  Just over six months later, Hoggan filed a petition to modify the judgment seeking, in part, to require Clark to pay child support.

The magistrate court held a hearing on Hoggan's petition to modify.  At the hearing, Hoggan testified that she has a bachelor's degree in applied physics and a master's degree in nuclear science and engineering.  According to Hoggan, her annual salary had been around $75,000 but dropped to $40,000 in May 2018 when she began working part-time.  About four months later, she left that employment.  Hoggan testified that, in looking for new employment, she applied on August 9, 2021, for a position as a "thermal properties research analyst."  When asked what the salary was for that particular position, Hoggan replied that she did not know.  Clark's counsel then asked Hoggan "what, in [her] experience, does that type of position pay if [she] were to get that position?"  Hoggan's counsel objected based on hearsay, foundation, and relevance.  After the magistrate court overruled the objection, Hoggan testified that she thought "it would be, like, between 65 and 85,000 dollars a year."

After the hearing, the magistrate court entered findings of fact and conclusions of law.  Relevant to this appeal, the magistrate court found that Hoggan "has neglected to utilize her work experience and qualifications to obtain a job in her field" and "has recently sought work in her field, but only in the last 4-5 months."  The magistrate court also found that "it is clear" that Hoggan "has remained voluntarily underemployed for the last three years."  Based on her past income and testimony regarding the expected pay for the position for which she recently applied, the magistrate court imputed "a gross income of $65,000 per year" to Hoggan.  The magistrate court entered an amended judgment ordering Hoggan to pay child support to Clark.

Both parties moved for reconsideration, with Hoggan contending in part that her imputed income should have been minimum wage rather than $65,000.  After a hearing on both motions to reconsider, the magistrate court further amended the judgment but did not alter its conclusion imputing $65,000 to Hoggan in potential annual income.  Hoggan appealed to the district court, asserting, among other issues, that the magistrate court abused its discretion in imputing $65,000 in potential income and erred in finding that she "has applied for employment only the past four to five months" and that "the most current job for which [she] applied had an income range of

2

$65,000.00 to $85,000.00."[1]   According to the district court, Hoggan also asserted that "her testimony about what she could be paid" at the job she applied for "was hearsay."  The district court vacated the amended judgment in part and remanded based on other issues Hoggan raised (which are not relevant to this appeal) but affirmed the magistrate court's findings regarding her imputed income and conclusion that she should be imputed $65,000 of potential income.  In addition, the district court denied Hoggan's request for attorney fees incurred on intermediate appeal.  Hoggan again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013).  However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court.  *Id*.  Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Hoggan asserts the magistrate court erred in finding that she only recently began looking for work in her field.[2]  She further asserts that the magistrate court erred by overruling her hearsay objection, in finding the salary for the job she applied for ranged between $65,000 to $85,000, and in imputing $65,000 in potential income to her.  Hoggan also asserts the district court erred by

---

[1]     These are the issues as described by the district court.  The record in this appeal does not contain the parties' briefing to the district court on intermediate appeal.

[2]     Some of Hoggan's arguments on appeal implicate the magistrate court's decision on her motion to reconsider.  The standard of review for a trial court's decision on a motion for reconsideration of a decision is the same standard of review that applies to the trial court's original decision.  *See Burns Concrete, Inc. v. Teton Cnty.*, 168 Idaho 442, 452, 483 P.3d 985, 995 (2020).  Because the standards of review are the same, our analysis does not distinguish between the magistrate court's two decisions.

failing to award her attorney fees on intermediate appeal. Clark responds that the finding that Hoggan recently began looking for work was a credibility determination by the magistrate court, that the objected-to testimony was not hearsay, that substantial evidence supports the finding regarding the expected salary range of the job for which Hoggan applied, and that the magistrate court did not abuse its discretion by imputing $65,000 in potential income to Hoggan. Clark further responds that the district court did not err by denying Hoggan's request for attorney fees incurred on intermediate appeal. Finally, both parties request attorney fees incurred in this appeal. We hold that Hoggan has failed to show error. Because we conclude that Hoggan's appeal is frivolous, we award attorney fees incurred in this appeal to Clark.

## A.      Finding that Hoggan Only Recently Began Looking for Work in Her Field

Hoggan asserts that there is not substantial and competent evidence for the magistrate court's finding that she "has recently sought work in her field, but only in the last 4-5 months." Clark responds that the magistrate court "was in the best position to assess [Hoggan's] credibility with regard to her efforts to seek employment." Clark further responds that the magistrate court's "finding as to when [Hoggan] began to seek employment has little, if any, bearing on the *amount* of potential income imputed" to Hoggan.

Hoggan asserts the magistrate court's finding lacks support from substantial and competent evidence because "the *only* evidence regarding [her] job search was that [she] had regularly sought employment from the time she left her employment in October 2018." Hoggan also asserts that she "had been applying nearly every Tuesday for employment [at the place she previously worked] since the Spring of 2020." Hoggan, however, fails to provide supporting citations to the record in this section of her brief to support these assertions. Such citations are required to make any argument. I.A.R. 35(a)(6); *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho 936, 941-42, 505 P.3d 722, 727-28 (2022). This Court will not search the record on appeal for error. *Kelly v. Kelly*, 165 Idaho 716, 732, 451 P.3d 429, 445 (2019). We note that Hoggan cites to the record in her statement of the case and that some of these citations could support the assertions she makes in the argument section of her brief, but this does not comply with I.A.R. 35(a). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief, I.A.R. 35(a)(6). An appellant forfeits an argument by failing to support the argument in compliance with the Idaho Appellate Rules. *Liponis v. Bach*, 149 Idaho

4

372, 375, 234 P.3d 696, 699 (2010). Thus, the citations to the record provided in Hoggan's statement of the case do not cure her failure to provide relevant supporting citations to the record in the argument section of her brief.

Even if Hoggan had provided proper citations to the record to support her assertions, her argument fails on the merits. As the district court observed, the magistrate court had the "discretion to weigh the strength and credibility of the evidence," which "include[d] rejecting testimony which [the magistrate court] found lacking in credibility." On appeal, Hoggan asserts that the district court erred because the magistrate court "did not ever make a factual finding that [Hoggan's] testimony regarding her efforts to find employment lacked credibility." But factual findings can be implicit as well as express. *See Ziegler v. Ziegler*, 107 Idaho 527, 535, 691 P.2d 773, 781 (Ct. App. 1985). We will not disturb implicit findings that are supported by substantial and competent evidence. *City of Meridian v. Petra Inc.*, 154 Idaho 425, 444, 299 P.3d 232, 251 (2013).

We first address whether the magistrate court made an implicit finding. At the hearing on Hoggan's motion to reconsider, she asserted that her testimony showed she had "applied continuously" since 2018 to "obtain additional employment" at the place where she worked previously and "at other places." Despite this argument, the magistrate court did not alter its finding that Hoggan had only recently begun to look for work in her field. This shows that the magistrate court implicitly held that a portion of Hoggan's testimony was not credible. On appeal, this Court liberally construes a trial court's credibility finding because the trial court's province is to determine the witnesses' credibility, the weight to be given their testimony, and the inferences to be drawn from the evidence. *Snider v. Arnold*, 153 Idaho 641, 645, 289 P.3d 43, 47 (2012).

There is evidence supporting this implicit credibility finding. At the hearing on the petition to modify the judgment, Hoggan testified as follows:

| [Clark's counsel]: | Okay. And when is the last time, other than yesterday, that you applied for one of those positions? |
|---|---|
| [Hoggan]: | The day before, and I--I usually--like, every Tuesday, I apply for jobs. |
| [Clark's counsel]: | Every Tuesday for how long? |
| [Hoggan]: | Like, do you mean, like, how long in the day does it take me to apply for a job, or, like, when did I start doing that? |
| [Clark's counsel]: | Yeah, you said every Tuesday you apply. So have you done that for the last month, the last couple of weeks? |

5

[Hoggan]: Oh, I started doing that, like, last spring. I mean, it doesn't happen every Tuesday, but, like, that's what I, like, try to do.

Hoggan gave this testimony in August 2021. This testimony, considered by itself, indicates that Hoggan did not begin her practice of applying for work on Tuesdays until the spring of 2021. This testimony would support the magistrate court's finding that Hoggan "has recently sought work in her field, but only in the last 4-5 months." Although Hoggan later tried to clarify her testimony by saying she started applying for jobs before she quit, the magistrate court was not obligated to credit her clarification.

In addition, other evidence in the record supports the magistrate court's implicit credibility finding. For instance, Hoggan testified that, after leaving her employment in 2018, she earned money working as a rideshare driver. She also testified that she earned $11,000 helping her father feed elk. This employment indicates that Hoggan had not been looking for work relevant to her bachelor's degree in applied physics or her master's degree in nuclear science and engineering. Notably, the magistrate court did not find that Hoggan had not been looking for employment at all, but that she had not been looking for employment "in her field." In addition, Hoggan testified that she received $100,000 from Clark in exchange for her interest in a home they had owned together and that she had been living off that amount (plus the money received from feeding the elk) for the year prior to her testimony in August 2021, indicating a potential disincentive to look for full-time employment in her field. The foregoing evidence supports the magistrate court's implicit finding that Hoggan's testimony regarding when she started looking for work in her field was not credible. We will not disturb this credibility finding on appeal. Hoggan has failed to show that the magistrate court erred in finding that she had only begun recently to look for work in her field.

Even if Hoggan had established error, she has failed to show the error prejudiced one of her substantial rights. The Idaho Rules of Family Law Procedure provide that, "at every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." I.R.F.L.P. 806. Even where a finding of fact is erroneous, this Court will disregard the error unless it affects a party's substantial rights. *See id.* On appeal, Hoggan asserts that the finding that she only recently began looking for work in her field "was a significant issue in [the magistrate court's] ultimate decision." Hoggan also asserts that the magistrate court

6

"was extremely concerned and bothered by the fact that [the magistrate court] had only thought [Hoggan] had recently started applying for jobs." Finally, Hoggan asserts that "it is clear that this factual finding by the magistrate [court] was a significant issue in [the magistrate court's] ultimate decision to impute income to [Hoggan] at the amount of $65,000.00 per year." Hoggan, however, does not elucidate further on *why* this finding was significant to the magistrate court's decision.

Reviewing the magistrate court's conclusions of law, we cannot conclude that any error in the finding regarding the timing of Hoggan's efforts to obtain work in her field prejudiced one of her substantial rights. In its conclusions of law, the magistrate court noted that Hoggan "has recently begun to seek employment in her field within the last 4 to 5 months, but it is clear to [the magistrate court] that [she] has remained voluntarily underemployed for the last three years." This indicates the magistrate court relied on the challenged finding to conclude that Hoggan was voluntarily underemployed. On appeal, however, Hoggan makes it "clear that she has not challenged the [magistrate court's] finding that she is voluntarily unemployed or underemployed." Hoggan's waiver forecloses her from asserting prejudice to a substantial right via undermining the finding that she was voluntarily unemployed or underemployed. Although Hoggan is "challenging the amount of the potential or imputed income which the magistrate [court] attributed to her," the magistrate court did not reference the challenged finding in concluding that Hoggan should be imputed $65,000 in potential income. Consequently, Hoggan has failed to show that any error in the magistrate court's finding that she had only recently begun looking for work in her field prejudiced one of her substantial rights.

**B.      Potential Income**

When a parent is voluntarily unemployed or underemployed, a magistrate court must calculate child support based on the parent's "gross potential income." I.R.F.L.P. 120(e)(3)(A). In determining a parent's potential income, a magistrate court may "[d]etermine employment potential and probable earnings level based on the parent's work history, qualifications, and job opportunities and earnings levels in the community." I.R.F.L.P. 120(e)(3)(A)(i). Whether to impute potential income to a parent, and what amount to impute, are questions committed to the magistrate court's discretion. *Valentine v. Valentine*, 169 Idaho 621, 627-28, 500 P.3d 514, 520-21 (2021). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the

7

issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

Hoggan advances several reasons why the magistrate court erred in imputing $65,000 in potential income to her. First, she asserts the magistrate court erred in overruling her hearsay objection to her own testimony regarding the expected salary range of the job to which she applied. Second, she asserts that the magistrate court erred in finding that the expected salary for the job was $65,000 to $85,000 because her testimony was "based upon speculation and assumption." Third, she asserts that the magistrate court abused its discretion in imputing $65,000 in potential income because, according to Hoggan, she "clearly has absolutely no ability to *actually* earn $65,000.00 per year." We address each argument in turn.

### 1. Hearsay objection

Hoggan asserts that her testimony regarding the expected salary range at the job for which she applied was hearsay and that no exception to the hearsay rule applies. Clark responds that Hoggan's testimony was not hearsay because she "did not testify as to what someone else told her the salary range would be" but, instead, "testified as to her own understanding of the expected range, having previously worked for the same employer doing the same type of work."

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. The trial court has broad discretion in determining the admissibility of testimonial evidence. A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 199, 879 P.2d 1126, 1132 (1994).

At the hearing on Hoggan's petition to modify, she testified that the day prior she had applied for a position as a "thermal properties research analyst" at the place where she was previously employed. The following dialogue then ensued:

[Clark's counsel]: Okay. And what was the pay on that position you applied for?

[Hoggan]: I--it didn't say, so I don't know.

8

| [Clark's counsel]: | Okay, so what, in your experience, does that type of position pay if you were to get that position? |
| [Hoggan's counsel]: | Objection, hearsay, foundation, relevance. She doesn't have the job. |
| [Magistrate court]: | She can testify if she understands what the range would be with respect to that type of position, if she knows.<br>So overruled.<br>Go ahead, [Hoggan]. |
| [Hoggan]: | Yeah, I think it would be, like between 65 and 85,000 dollars a year. |
| [Clark's counsel]: | So, approximately, the same type of income you had when you worked out at [that employer's business] before, right? |
| [Hoggan]: | I think so, yes. |
| [Clark's counsel]: | Okay, and I don't remember what you call it, thermos-something. Is that what you did when you were out at [the employer's business] before? |
| [Hoggan]: | It was a small part of what I did. |

On appeal, Hoggan asserts that "the question asked by [Clark's] counsel sought an out-of-court statement about what [Hoggan] could be paid if she were to obtain" the position for which she applied. This misrepresents the record. Hoggan's earlier testimony was that the position "didn't say" what the salary would be and, thus, her later testimony was not premised on an out-of-court statement. Instead, as the record makes clear, Hoggan was asked what such a position would pay "in her experience." As her subsequent responses indicated, her testimony was based on her experience working in a related field for that particular employer, including her prior income while working there. In short, the question did not call for hearsay; and Hoggan's response did not contain hearsay, making the rule against hearsay inapplicable. Consequently, Hoggan has failed to show that the magistrate court erred in overruling her hearsay objection.

### 2. Finding regarding expected salary

Next, Hoggan asserts that the magistrate court's finding that the job she applied for had a salary range of $65,000 to $85,000 "was not based upon substantial and competent evidence." Hoggan asserts that "the only testimony regarding this issue came from" her and that this portion of her testimony was "based upon speculation and conjecture." Clark responds that Hoggan's testimony provided substantial and competent evidence for the magistrate court's finding. Testimony that amounts to speculation or conjecture is not relevant and therefore not admissible. *See Slack v. Kelleher*, 140 Idaho 916, 923, 104 P.3d 958, 965 (2004) (noting that evidence must

9

be relevant to be admissible and holding that the trial court did not err by excluding speculative evidence).

Hoggan notes that, after giving her estimation of the salary range for the job to which she applied, she testified that she had a "handful of interviews" previously. When asked if "most of the positions [paid] between 65 to 85,000 a year," Hoggan responded, "Like, the pay was never discussed. So I don't actually know, but I am assuming that."[3] On appeal, Hoggan asserts that this shows that her earlier testimony regarding the salary range "was a guess." We disagree. Hoggan's testimony was an estimation, not a guess, based on her prior work experience for that particular employer in a related field and on her prior salary while working there. We note that, in a related scenario, an owner of property is generally permitted to testify to the property's value. *Taysom v. Taysom*, 82 Idaho 58, 64, 349 P.2d 556, 560 (1960). Following the same logic, a person's testimony regarding the expected salary in a field where the person has prior work experience is generally competent evidence of what the expected salary would be. Hoggan's testimony provided substantial and competent evidence for the magistrate court's finding that the job she applied for had a salary range of $65,000 to $85,000. Consequently, Hoggan has failed to show error in this finding.

### 3. Decision to impute $65,000 in potential income

Hoggan asserts that, even if there is "substantial and competent evidence to support the factual finding that [she] should have income imputed to her at $65,000.00, the ultimate decision to do so was an abuse of discretion." According to Hoggan, the magistrate court abused its discretion in imputing $65,000 in potential income because "there is no evidence that she can *actually* earn $65,000 per year." Clark responds that Hoggan has failed to show an abuse of discretion because her "work history" shows "that she can earn $65,000 per year or more."

A magistrate court abuses its discretion by imputing an amount of potential income to a parent if there is no evidence that a parent would be able to obtain employment with that amount of income. *See Humberger v. Humberger*, 134 Idaho 39, 44, 995 P.2d 809, 814 (2000). As is evident from the above discussion, there is more than sufficient evidence that Hoggan could earn

---

[3]  Following this testimony, Hoggan remarked, "Or more," without prompting from Clark's counsel. Her unprompted remark indicates that she believed the jobs she applied for could have had a salary range in excess of $85,000.

$65,000. As noted by the district court, "it would not have been outside of [the magistrate court's] bounds of discretion to figure [Hoggan's] imputed income based solely upon her former salary at [her prior place of employment], given [her] history there and her qualifications."

On appeal, Hoggan has not challenged the magistrate court's finding that she "was working as a nuclear scientist, making $80,000 when she was full time and $40,000 when she was part time," in 2018 when she left her employment. Hoggan's earnings of *more than* $65,000 previously, coupled with the absence of any reason indicating she could no longer work in the field of her expertise, is sufficient--by itself--to support the magistrate court's discretionary decision to impute $65,000 in potential income to her. Hoggan's testimony that the job she applied for had a salary range of $65,000 to $85,000 only further supports the magistrate court's decision. We also note that Hoggan testified that she was qualified for the position she applied for and that, if she did not get the position, it would be because "that particular position didn't require a master's degree, so [the potential employer] might want someone less educated." In other words, Hoggan believed she was overqualified for a job that, in her estimation, would pay up to $85,000. This indicates that Hoggan's qualifications could allow her to earn more than $85,000. For these reasons, the magistrate court did not abuse its discretion in imputing $65,000 in potential income to Hoggan.

Finally, we note that Hoggan asserts that, "despite all of [her] best efforts, she had not been offered a job," which, according to her, indicates that she cannot actually earn $65,000. The magistrate court, however, found that Hoggan was voluntarily underemployed--a finding that she expressly disavows challenging on appeal. Hoggan cannot waive a challenge to the finding that she was voluntarily underemployed and then assert that she made "best efforts" to obtain employment. A person who is voluntarily underemployed has, by definition, chosen not to make efforts towards employment that may have been successful.

## C.    Attorney Fees:  Intermediate Appeal

On intermediate appeal, Hoggan requested attorney fees pursuant to I.C. § 12-121. The district court denied Hoggan's request because it determined that "both parties prevailed in part" and that Clark had not defended the intermediate appeal "frivolously, unreasonably, or without foundation." Hoggan asks this Court to "remand the issue of attorney fees back to the district court to determine whether she should be awarded attorney fees" incurred on intermediate appeal "if this Court overturns the district court's decisions related to the potential income issues" Hoggan

11

asserts in this appeal. Because we conclude that Hoggan has failed to establish error in the district court's decisions concerning potential income, the district court did not err by denying her request for attorney fees incurred on intermediate appeal.

**D.    Attorney Fees: This Appeal**

Both Hoggan and Clark request attorney fees on appeal to this Court under I.C. § 12-121. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party, and such an award is appropriate when the Court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Because Hoggan did not prevail on the issues she brought on appeal to this Court, she is not entitled to attorney fees under I.C. § 12-121.

As the prevailing party, Clark is potentially entitled to attorney fees. A party can act frivolously by "merely retread[ing] arguments made without success below" and asking an appellate court to "second-guess decisions that were properly made by the magistrate judge and upheld by the district judge." *Pelayo*, 154 Idaho at 866, 303 P.3d at 225. Here, we conclude that Hoggan pursued this appeal frivolously and without foundation. Hoggan's arguments to this Court appear to have largely reiterated her unsuccessful arguments to the district court. In addition, Hoggan failed to comply with I.A.R. 35(a)'s requirement to provide supporting citations to the record in the argument section of her brief and failed to adequately articulate how any error in the magistrate court's finding regarding when she began looking for work in her field prejudiced one of her substantial rights. Finally, Hoggan's appeal focuses on challenging her own testimony regarding facts and an estimation of salary clearly within her own knowledge and experience. Accordingly, Clark is entitled to attorney fees under I.C. § 12-121 for this appeal.

## IV.

## CONCLUSION

Hoggan has failed to show error in the district court's intermediate appellate decision affirming the magistrate court's finding that she only recently began looking for work in her field, finding that the salary range for the job she applied for was $65,000 to $85,000 per year, and determining that she should be imputed $65,000 in potential income. Hoggan has also failed to show that the magistrate court erred in overruling her hearsay objection or that the district court erred by denying her request for attorney fees incurred on intermediate appeal. Consequently, the

12

district court's order, on intermediate appeal from the magistrate court, affirming in part and vacating in part the judgment granting modification of child custody and child support, is affirmed. Costs and attorney fees on appeal are awarded to Clark.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.